with the Court of Appeals' decision in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587). Such disclaimer was given as soon as reasonably possible under the circumstances; there is no claim that any prejudice will result from the grant of the application. Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.

■ SUSAN TRATNER et al., Appellants, v JULIA Fox, Respondent.— Order of the Supreme Court, Queens County, dated March 24, 1975, affirmed, with $50 costs and disbursements. Special Term properly determined that Item No. 18 of plaintiffs' bill of particulars, relating to special damages, should be stricken. If further medical expenses are incurred in the future, plaintiffs may serve a supplemental bill, but may not do so less than 30 days before trial. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ X. J. MARSCHALL SERVICING CORPORATION, Plaintiff, v WATERS EDGE HOLDING CORPORATION et al., Defendants. WATERS EDGE HOLDING CORPORATION, Appellant, v XAVIER J. MARSCHALL, Respondent. (And Another Action.)—In an action to foreclose a mortgage, Waters Edge Holding Corporation appeals from so much of an order of the Supreme Court, Suffolk County, dated August 26, 1975, as denied its motion to (1) dismiss the affirmative defenses interposed by defendant Marschall against its counterclaims, (2) dismiss the action against the defendants Muniz, Richman and Friscia and (3) vacate, in its entirety, the respondent's demand for a bill of particulars. Order affirmed insofar as appealed from, without costs or disbursements. Under the facts herein, Special Term was warranted in reaching the conclusion that it did. Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of CAPITOL DISTRIBUTORS CORP., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, made September 10, 1975 after a hearing, which (1) suspended petitioner's wholesale liquor license for 10 days, and deferred the said suspension, and (2) imposed a $2,000 bond claim. Determination confirmed and proceeding dismissed on the merits, with costs. Viewing the record as a whole, the respondent's determination is supported by substantial evidence. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of CHARMER INDUSTRIES, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, made September 10, 1975 after a hearing, which (1) suspended petitioner's wholesale liquor license for 10 days, and deferred the said suspension, and (2) imposed a $2,000 bond claim. Determination confirmed and proceeding dismissed on the merits, with costs. Viewing the record as a whole, the respondent's determination is supported by substantial evidence. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property for Arverne II, Stage II, Urban Renewal Project, in the Borough of Queens. DEN ROBERT REALTY CO., INC., Respondent-Appellant; OCEANVIEW TERRACE, Appellant.—In a condemnation proceeding, (1) the condemnor (city) appeals from so much of a fourth supplemental separate and partial and final decree of the Supreme Court, Queens County, dated January 15, 1975, as, after a nonjury trial, made an award for Damage Parcels Nos. 926–927 and (2) the claimants, Den Robert Realty Co., Inc., and Oceanview Terrace, cross-appeal from so much of the